**Last revised: August 1, 2017**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re: | Case No.: 14-18335 |
| FRANK CHIMENTO, | Judge: PAPALIA |
| Debtor(s) | |

## Chapter 13 Plan and Motions

☐ Original          ☒ Modified/Notice Required          Date: 2/20/2018

☒ Motions Included  ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☒ DOES ☐ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: /s SDS          Initial Debtor: /s/ FC          Initial Co-Debtor: _____

**Part 1:   Payment and Length of Plan**

a.  The debtor shall pay $610.00 per month to the Chapter 13 Trustee, starting on April 1, 2018 for approximately 13 months.

b.  The debtor shall make plan payments to the Trustee from the following sources:

- ☒  Future earnings

- ☒  Other sources of funding (describe source, amount and date when funds are available):

  $73,028.33 paid into plan through March 31, 2018

c.  Use of real property to satisfy plan obligations:

- ☐  Sale of real property
  Description:
  Proposed date for completion: _____

- ☐  Refinance of real property:
  Description:
  Proposed date for completion: _____

- ☐  Loan modification with respect to mortgage encumbering property:
  Description:
  Proposed date for completion:

d.  ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e.  ☐ Other information that may be important relating to the payment and length of plan:

**Part 2:**     **Adequate Protection** ☐ NONE

     a. Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

     b. Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

**Part 3:**     **Priority Claims (Including Administrative Expenses)**

a.     All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| MINION & SHERMAN | ATTORNEYS FEES | $23,185.00 (original retainer and Supplemental fees awarded by the court – THESE FEES HAVE BEEN PAID) + $700.00 Estimated Supplemental Fees subject to court approval |
| STATE OF NEW JERSEY | TAXES | $5,565.10 |
| INTERNAL REVENUE SERVICE | TAXES | $42,564.46 |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|

| | | | |
|---|---|---|---|
| | | | |

**Part 4:   Secured Claims**

**a. Curing Default and Maintaining Payments on Principal Residence:** ☒ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| | | | | | |

4

**b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☒ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**c. Secured claims excluded from 11 U.S.C. 506:** ☒ **NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☐ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|

| SELENE FINANCE, LP | 48 Neptune Road Toms River, NJ | $86,620.13 | $350,000 | $527,339.25 | $0.00 | n/a | $0.00 |
|---|---|---|---|---|---|---|---|

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

### e. Surrender ☒ NONE

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

### f. Secured Claims Unaffected by the Plan ☒ NONE

The following secured claims are unaffected by the Plan:

VALLEY NATIONAL BANK (PMSI on 2007 Ford Explorer)

### g. Secured Claims to be Paid in Full Through the Plan: ☐ NONE

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
| STATE OF NJ – DEPT OF LABOR | JUDGMENT LIEN ON ALL PROPERTY | $4,275.00 |

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☐ Not less than _____ percent

☒ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| INTERNAL REVENUE SERVICE (POC # 5-2) | ENTIRE OBLIGATION IS NON-DISCHARGEABLE AND SHALL BE PAID OUTSIDE THE PLAN. TO THE EXTENT ANY BALANCE REMAINS ATE END OF CASE THAT AMOUNT SHALL SURVIVE ANY DISCHARGE | TO BE PAID OUTSIDE THE PLAN IN ACCORDANCE WITH RESTITUTION ORDER | $250.00 A MONTH |

**Part 6:    Executory Contracts and Unexpired Leases  ☒ NONE**

(NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

**Part 7:    Motions  ☐ NONE**

**NOTE:  All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service*, *Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

**a. Motion to Avoid Liens Under 11. U.S.C. Section 522(f).**  ☒ **NONE**

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.**  ☐ **NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| Selene Finance, L.P.(2nd Mortgage) | 48 Neptune Road Toms River, NJ | $86,620.13 | $350,000.00 | $527,339.25 | $0.00 | Entire Mortgage estimated to be $86,620.13 |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.**  ☒ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**Part 8:    Other Plan Provisions**

    **a. Vesting of Property of the Estate**

        ☒    Upon confirmation

        ☐    Upon discharge

    **b.  Payment Notices**

   Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

    **c.  Order of Distribution**

   The Standing Trustee shall pay allowed claims in the following order:

      1) Ch. 13 Standing Trustee commissions

      2) Attorneys Fees

      3) Priority Claims

      4) Secured Claims

      5) General Unsecured Claims

    **d.  Post-Petition Claims**

   The Standing Trustee ☒ is, ☐ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

**Part 9:    Modification  ☐ NONE**

| | |
|---|---|
| If this Plan modifies a Plan previously filed in this case, complete the information below.<br><br>Date of Plan being modified: 1/9/2017 | |
| Explain below **why** the plan is being modified:<br> The plan is being modified because Debtor's plan was underfunded by a few thousand dollars.   The funding issues needed to be dealt with so Debtor is able to complete his plan within the 5 year time period | Explain below **how** the plan is being modified:<br>The plan is being modified to increase monthly payments to trustee s that Debtor may complete his case within the statutory time period. |
| Are Schedules I and J being filed simultaneously with this Modified Plan?  ☐ Yes   ☒ No | |

**Part 10:    Non-Standard Provision(s): Signatures Required**

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:




Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date:   2/22/2018                                          /s/ Scott D. Sherman
                                                                   Attorney for the Debtor


Date:    2/21/2018                                         /s/ Frank Chimento
                                                                    Debtor


Date: _____              _____
                                                                    Joint Debtor

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

Date:  2/22/2018                                              /s/ Scott D. Sherman
                                                              Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date:  2/21/2018                                              /s/ Frank Chimento
                                                              Debtor

Date: _____        _____
                                                              Joint Debtor

United States Bankruptcy Court
District of New Jersey

In re:  
Frank A Chimento, III  
    Debtor

Case No. 14-18335-VFP  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0312-2     User: admin     Page 1 of 2     Date Rcvd: Feb 23, 2018  
                 Form ID: pdf901    Total Noticed: 25

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 25, 2018.

```
db           +Frank A Chimento, III,    6 Tempesta Terrace,    West Caldwell, NJ 07006-6934
aty          +Brian J. Aloia,    2 Broad Street,    Suite 407,    Bloomfield, NJ 07003-2549
aty          +Jay Pasternack,    1066 Clifton Ave.,    PO Box 3054,    Clifton, NJ 07012-0354
cr           +Group D Capital Partners 1, LLC,    c/o Pellegrino & Feldstein, LLC,    290 Route 46 West,
               Denville, NJ 07834-1239
cr          ++NATIONSTAR MORTGAGE LLC,    PO BOX 619096,    DALLAS TX 75261-9096
              (address filed with court:   NATIONSTAR MORTGAGE, LLC,    Bankruptcy Department,
               350 Highland Drive,    Lewisville, TX  75067)
cr           +Palmer Properties, LLC,    c/o Sandra Moran Esq & Nola R. Bencze, E,
               Buchanan Ingersoll & Rooney PC,    700 Alexander Park,    Suite 300,    Princeton, NJ 08540-6351
op           +Sandra LoBello,    Two Sisters Estate Sales,    140 Hundred Oaks Dr.,    Tom Rivers, NJ 08755-0983
cr           +Selene Finance LP as servicer for   SRMOF II 2011-1,    Stern, Lavinthal & Frankenberg, LLC,
               105 Eisenhower Parkway,    Roseland, NJ 07068-1640
515014720     American InfoSource LP as agent for,    DIRECTV, LLC,    PO Box 51178,
               Los Angeles, CA  90051-5478
514744843    +Gem Rec Sys,    1001 Mcbride Ave,    Little Falls, NJ 07424-2534
514918043    +NATIONSTAR MORTGAGE, LLC,    C/O Weinstein, Pinson, & Riley, P.S.,
               2001 Western Avenue, Ste. 400,    Seattle, WA 98121-3132
514744848     Nco Fin/55,    Po Box 13570,    Philadelphia, PA 19101
515028398    +Palmer Properties, LLC.,    c/o Sandy Moran, Esq. and Nola Bencze, E,
               Buchanan Ingersoll & Rooney, PC,    700 Alexander Park,    Suite 300,    Princeton, NJ 08540-6351
514963218   ++STATE OF NEW JERSEY,    DIVISION OF TAXATION BANKRUPTCY UNIT,    PO BOX 245,
               TRENTON NJ 08646-0245
              (address filed with court:   State of New Jersey,    Department of Treasury,
               Division of Taxation,    PO Box 245,    Trenton, NJ 08695-0245)
514744849    +Selene Finance Lp,    9990 Richmond Ste 100,    Houston, TX 77042-8500
514744851     State of New Jersey,    Dept of Labor & Workforce Accounts,    PO box 2672,
               New Brunswick, NJ 08903-2672
515686341    +State of New Jersey, Department of Labor,    PO BOX 951,    Trenton, NJ 08625-0951
516628740    +U.S. BANK NATIONAL ASSOCIATION,,    Robertson, Anschutz & Schneid, P.L,,
               6409 Congress Ave., Suite 100,    Boca Raton, FL 33487-2853
516235847    +U.S. Bank, National Association, as Trustee,    c/o Nationstar Mortgage LLC,
               ATTN: Bankruptcy Department,    PO Box 619096,    Dallas, TX 75261-9096
514796091    +Valley National Bank,    1445 Valley Rd,    Wayne NJ 07470-8438
514744852    +Valley National Bank,    1460 Valley Rd,    Wayne, NJ 07470-8494
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.

```
smg           E-mail/Text: usanj.njbankr@usdoj.gov Feb 24 2018 00:00:42      U.S. Attorney,    970 Broad St.,
               Room 502,    Rodino Federal Bldg.,    Newark, NJ  07102-2534
smg          +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Feb 24 2018 00:00:38      United States Trustee,
               Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
               Newark, NJ 07102-5235
514744844     E-mail/Text: cio.bncmail@irs.gov Feb 24 2018 00:00:23      Internal Revenue Service,
               955 S. Springfield Ave.,    Springfield, NJ 07081
515241844     E-mail/Text: bkteam@selenefinance.com Feb 24 2018 00:00:13      Selene Finance LP,
               9990 Richmond Avenue, Suite 400 South,    Houston, Texas 77042-4546
                                                                                               TOTAL: 4
```

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****

```
cr*          +U.S. BANK NATIONAL ASSOCIATION,    Robertson Anschutz & Schneid, P.L.,
               6409 Congress Ave, Suite 100,    Boca Raton, Fl 33487-2853
514744845*    Internal Revenue Service,    P.O. Box 7346,    Philadelphia, PA 19101-7346
514744847*  ++NATIONSTAR MORTGAGE LLC,    PO BOX 619096,    DALLAS TX 75261-9096
              (address filed with court:   Nationstar Mortgage LLC,    Attn: Bankruptcy,    PO Box 619096,
               Dallas TX 75261-9741)
514744850*  ++STATE OF NEW JERSEY,    DIVISION OF TAXATION BANKRUPTCY UNIT,    PO BOX 245,
               TRENTON NJ 08646-0245
              (address filed with court:   State of New Jersey,    Division of Taxation,    50 Barrack Street,
               PO Box 269,    Trenton, NJ 08695)
514744846    ##+Milstead & Associates, LLC,    220 Lake Drive East - Suite 301,    Cherry Hill, NJ 08002-1165
                                                                                      TOTALS: 0, * 4, ## 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address  
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

```
District/off: 0312-2          User: admin              Page 2 of 2               Date Rcvd: Feb 23, 2018
                              Form ID: pdf901          Total Noticed: 25
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 25, 2018                                        Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on February 22, 2018 at the address(es) listed below:
              Brian C. Nicholas    on behalf of Creditor    U.S. Bank National Association, as Trustee relating
               to Chevy Chase Funding LLC Mortgage Backed Certificates Series 2006-3, servicer Specialized Loan
               Servicing LLC bnicholas@kmllawgroup.com,   bkgroup@kmllawgroup.com
              Daniel Brett Sullivan    on behalf of Creditor    NATIONSTAR MORTGAGE, LLC BNCmail@w-legal.com
              Deborah T. Feldstein    on behalf of Creditor    Group D Capital Partners 1, LLC
               dfeldstein@caplaw.net
              Denise E. Carlon    on behalf of Creditor    U.S. Bank National Association, as Trustee relating to
               Chevy Chase Funding LLC Mortgage Backed Certificates Series 2006-3, servicer Specialized Loan
               Servicing LLC dcarlon@kmllawgroup.com,   bkgroup@kmllawgroup.com
              Heather Lynn Anderson    on behalf of Creditor    State Of New Jersey Division Of Taxation
               heather.anderson@law.dol.lps.state.nj.us
              Jeanette F. Frankenberg    on behalf of Creditor    Selene Finance LP as servicer for   SRMOF II
               2011-1 Trust cmecf@sternlav.com
              Laura M. Egerman    on behalf of Creditor    U.S. BANK NATIONAL ASSOCIATION bkyecf@rasflaw.com,
               bkyecf@rasflaw.com;legerman@rasnj.com
              Marie-Ann Greenberg    magecf@magtrustee.com
              Marie-Ann Greenberg (NA)    on behalf of Trustee Marie-Ann  Greenberg magecf@magtrustee.com
              Michael Sklar    msklar@ajwillnerauctions.com
              Nola R. Bencze    on behalf of Creditor    Palmer Properties, LLC nbencze@clarkhill.com
              Scott D. Sherman    on behalf of Debtor Frank A Chimento, III ssherman@minionsherman.com
              Valorie D. Smith    on behalf of Creditor    Internal Revenue Service valorie.d.smith@usdoj.gov,
               usanj.ecfcivildocketing@usdoj.gov
                                                                                             TOTAL: 13
```